UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**TERRY McCLENDON,**

       **Plaintiff,**              **CIVIL ACTION NO. 05-74795**

  **vs.**                        **DISTRICT JUDGE BERNARD A. FRIEDMAN**

**BLAINE LAFLER, et. al.,**      **MAGISTRATE JUDGE MONA K. MAJZOUB**

       **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

**RECOMMENDATION**: This Court recommends that Defendants' Motion To Dismiss be GRANTED as Plaintiff failed to exhaust his administrative remedies, that Plaintiff's Proposed Stipulation be DENIED, and Plaintiff's Motion For Stay be DENIED.

\*\*\*

    Plaintiff, a Michigan state prisoner, filed the instant complaint on December 19, 2005 alleging causes of action under 42 U.S.C. § 1983. Specifically Plaintiff alleges that Defendants, as employees of the Michigan Department of Corrections ("MDOC"), violated his First Amendment Free Exercise Clause rights and his Religious Land Use and Institutionalized Persons Act ("RLUIPA") rights by not accommodating his request for a vegan diet. Plaintiff alleges that his religion requires him to eat no meat or animal products. Defendants filed a Motion to Dismiss Plaintiff's complaint On April 14, 2006. Plaintiff filed a Proposed Stipulation to Dismiss Defendants Lafler and Burnett or Dismiss Complaint in its Entirety and a Motion to Stay.

    All three of the Motions now before the Court revolve around the Prison Litigation Reform Act's ("PLRA") exhaustion requirement. 42 U.S.C. § 1997e. The parties agree that Plaintiff has exhausted his administrative remedies with respect to one of the three named Defendants, but has

failed to exhaust his administrative remedies with respect to the other two.  Defendants argue that the Court should dismiss Plaintiff's Complaint without prejudice for failure to exhaust administrative remedies.  Plaintiff argues in the alternative that only his unexhausted claims should be dismissed, or that his Complaint should be dismissed voluntarily, or that this Court should stay the case pending resolution of a case currently pending before the Supreme Court that will clarify the administrative exhaustion issue.

### STANDARD OF REVIEW

When considering a Rule 12(b)(6) motion to dismiss, the trial court must accept all the allegations in the complaint as true and construe the complaint liberally in favor of the plaintiff. FED. R. CIV. P. 12(b)(6); *see Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995).  "Dismissal of a complaint for the failure to state a claim upon which relief may be granted is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."  *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 1997).

### EXHAUSTION OF REMEDIES

The Prison Litigation Reform Act (PLRA) of 1995 requires that a prisoner exhaust all administrative remedies before filing a section 1983 action.  Specifically, the statute provides, "no action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  The Supreme Court has declined to "read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001).  The Sixth Circuit has held that "prisoners filing a § 1983 case involving prison conditions must allege and show that they have exhausted all

available state administrative remedies" before a district court may adjudicate their civil rights claims, and has also held that the district court should enforce this requirement *sua sponte*. *Brown v. Toombs*, 139 F.3d 1102, 1103 (6th Cir. 1998), *cert. denied*, 525 U.S. 833 (1998). Compliance with this provision requires that prisoners file a grievance against the person(s) they ultimately seek to sue, *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001), and merely grieving prison conditions, without identifying any particular person who may be responsible, is insufficient. *Gibbs v. Bolden*, 151 F. Supp.2d 854, 857 (E.D. Mich. 2001).

In *Jones-Bey v. Johnson*, 407 F.3d 801 (6th Cir. 2005), the Sixth Circuit adopted a mandatory total exhaustion rule, which requires that a federal court dismiss a prisoner's entire complaint whenever a prisoner has exhausted with respect to some, but not all of his claims. Dissenting in *Jones-Bey*, Judge Clay argued that the Sixth Circuit had already ruled on the total exhaustion question, and rejected a mandatory total exhaustion rule in *Hartsfield v. Vidor*, 199 F.3d, 309 (6th Cir. 1999). Judge Clay argued that *Hartsfield* could only be overturned by an *en banc* decision under Sixth rule 206(c).

Following the *Jones-Bey* decision, some District Courts followed Judge Clay's reasoning and declined to apply the *Jones-Bey* rule. In a more recent case, *Rinard v. Luoma*, 440 F.3d 361, 363 (6th Cir. 2006). the Sixth Circuit reiterated its view that *Jones-Bey* was the rule of the Circuit, and stated that the portion of *Hartsfield* upon which Judge Clay had relied was dicta. Another panel of the Sixth Circuit then adopted Judge Clay's reasoning from *Jones-Bey*, stated that *Hartsfield* and another case had already ruled on the total exhaustion question at the time *Jones-Bey* was decided, and went on to apply a rule of partial exhaustion to the prisoner complaint before it. *Spencer v. Bouchard*, 449 F.3d 721 (6th Cir. 2006).

It would appear that an *en banc* rehearing of *Jones-Bey*, *Rinard,* or *Spencer* would have given better guidance to courts in this Circuit. In the aftermath of *Spencer*, District Judges have continued to reach conflicting conclusions about the viability of the total exhaustion rule in the Circuit. *Compare Hardaway v. Haggerty*, 2006 WL 1663317 (E.D. Mich.,2006) (applying partial exhaustion and following *Spencer*) *with Boling v. Oakland County Jail, 2006 WL 581034* (E.D. Mich. 2006) (applying total exhaustion and following *Jones-Bey*). This situation will eventually be resolved. The Supreme Court has granted certiorari on the total exhaustion question in *Jones v. Bock,* --- U.S. ----, 126 S.Ct. 1462, 164 L.Ed.2d 246 (U.S. Mar.6, 2006) and *Williams v. Overton,* --- U.S. ----, 126 S.Ct. 1463, 164 L.Ed.2d 246 (2006).

While the briefing schedule has been set in the Supreme Court, oral argument is not yet scheduled, and a decision may not be rendered in *Bock* and *Overton* for many months. The instant motions have already been pending for several months, and the Court must apply the law of the Sixth Circuit as it finds it. Plaintiff has not identified adequate reasons to delay decision in this case for additional months pending the uncertain outcome of a Supreme Court case. The Court agrees with the analysis of the majority of judges who have considered whether *Jones-Bey* was rendered in compliance with Sixth Circuit Rule 206(c), and finds that *Jones-Bey* is still good law. *See e.g., Boling, 2006 WL 581034* (E.D. Mich. 2006).

Critics of the total exhaustion requirement have focused on the perceived harshness of the rule in circumstances where a single unexhausted claim causes the dismissal of an entire case in which the prisoner has exhausted many claims against many Defendants or the parties and the court have spent substantial resources litigating the substantive claims. This concern is not particularly

relevant in this case, because Plaintiff has failed to exhaust a majority of his claims against a majority of the Defendants, and Defendants have not yet answered Plaintiff's complaint.

Accordingly, Defendant's Motion to Dismiss should be **GRANTED**. Plaintiff's Motions should be **DENIED** as moot.

### NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically

address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: July 31, 2006                    s/ Mona K. Majzoub
                                        MONA K. MAJZOUB
                                        UNITED STATES MAGISTRATE JUDGE

## Proof of Service

I hereby certify that a copy of this Report and Recommendation was served upon Terry McClendon and Counsel of Record on this date.

Dated: August 01, 2006                  s/ Lisa C. Bartlett
                                        Courtroom Deputy

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRY McCLENDON,

        Plaintiff,                  CIVIL ACTION NO. 05-74795

   vs.                             DISTRICT JUDGE BERNARD A. FRIEDMAN

BLAINE LAFLER, et. al.,        MAGISTRATE JUDGE MONA K. MAJZOUB

        Defendants.
_____/

## REPORT AND RECOMMENDATION

**RECOMMENDATION**: This Court recommends that Defendants' Motion To Dismiss be GRANTED as Plaintiff failed to exhaust his administrative remedies, that Plaintiff's Proposed Stipulation be DENIED, and Plaintiff's Motion For Stay be DENIED.

\*\*\*

Plaintiff, a Michigan state prisoner, filed the instant complaint on December 19, 2005 alleging causes of action under 42 U.S.C. § 1983. Specifically Plaintiff alleges that Defendants, as employees of the Michigan Department of Corrections ("MDOC"), violated his First Amendment Free Exercise Clause rights and his Religious Land Use and Institutionalized Persons Act ("RLUIPA") rights by not accommodating his request for a vegan diet. Plaintiff alleges that his religion requires him to eat no meat or animal products. Defendants filed a Motion to Dismiss Plaintiff's complaint On April 14, 2006. Plaintiff filed a Proposed Stipulation to Dismiss Defendants Lafler and Burnett or Dismiss Complaint in its Entirety and a Motion to Stay.

All three of the Motions now before the Court revolve around the Prison Litigation Reform Act's ("PLRA") exhaustion requirement. 42 U.S.C. § 1997e. The parties agree that Plaintiff has exhausted his administrative remedies with respect to one of the three named Defendants, but has

failed to exhaust his administrative remedies with respect to the other two. Defendants argue that the Court should dismiss Plaintiff's Complaint without prejudice for failure to exhaust administrative remedies. Plaintiff argues in the alternative that only his unexhausted claims should be dismissed, or that his Complaint should be dismissed voluntarily, or that this Court should stay the case pending resolution of a case currently pending before the Supreme Court that will clarify the administrative exhaustion issue.

## STANDARD OF REVIEW

When considering a Rule 12(b)(6) motion to dismiss, the trial court must accept all the allegations in the complaint as true and construe the complaint liberally in favor of the plaintiff. FED. R. CIV. P. 12(b)(6); *see Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). "Dismissal of a complaint for the failure to state a claim upon which relief may be granted is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 1997).

## EXHAUSTION OF REMEDIES

The Prison Litigation Reform Act (PLRA) of 1995 requires that a prisoner exhaust all administrative remedies before filing a section 1983 action. Specifically, the statute provides, "no action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has declined to "read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). The Sixth Circuit has held that "prisoners filing a § 1983 case involving prison conditions must allege and show that they have exhausted all

-2-

available state administrative remedies" before a district court may adjudicate their civil rights claims, and has also held that the district court should enforce this requirement *sua sponte*. *Brown v. Toombs*, 139 F.3d 1102, 1103 (6th Cir. 1998), *cert. denied*, 525 U.S. 833 (1998). Compliance with this provision requires that prisoners file a grievance against the person(s) they ultimately seek to sue, *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001), and merely grieving prison conditions, without identifying any particular person who may be responsible, is insufficient. *Gibbs v. Bolden*, 151 F. Supp.2d 854, 857 (E.D. Mich. 2001).

In *Jones-Bey v. Johnson*, 407 F.3d 801 (6th Cir. 2005), the Sixth Circuit adopted a mandatory total exhaustion rule, which requires that a federal court dismiss a prisoner's entire complaint whenever a prisoner has exhausted with respect to some, but not all of his claims. Dissenting in *Jones-Bey*, Judge Clay argued that the Sixth Circuit had already ruled on the total exhaustion question, and rejected a mandatory total exhaustion rule in *Hartsfield v. Vidor*, 199 F.3d, 309 (6th Cir. 1999). Judge Clay argued that *Hartsfield* could only be overturned by an *en banc* decision under Sixth rule 206(c).

Following the *Jones-Bey* decision, some District Courts followed Judge Clay's reasoning and declined to apply the *Jones-Bey* rule. In a more recent case, *Rinard v. Luoma*, 440 F.3d 361, 363 (6th Cir. 2006). the Sixth Circuit reiterated its view that *Jones-Bey* was the rule of the Circuit, and stated that the portion of *Hartsfield* upon which Judge Clay had relied was dicta. Another panel of the Sixth Circuit then adopted Judge Clay's reasoning from *Jones-Bey*, stated that *Hartsfield* and another case had already ruled on the total exhaustion question at the time *Jones-Bey* was decided, and went on to apply a rule of partial exhaustion to the prisoner complaint before it. *Spencer v. Bouchard*, 449 F.3d 721 (6th Cir. 2006).

It would appear that an *en banc* rehearing of *Jones-Bey*, *Rinard,* or *Spencer* would have given better guidance to courts in this Circuit. In the aftermath of *Spencer*, District Judges have continued to reach conflicting conclusions about the viability of the total exhaustion rule in the Circuit. *Compare Hardaway v. Haggerty*, 2006 WL 1663317 (E.D. Mich.,2006) (applying partial exhaustion and following *Spencer*) *with Boling v. Oakland County Jail, 2006 WL 581034* (E.D. Mich. 2006) (applying total exhaustion and following *Jones-Bey*). This situation will eventually be resolved. The Supreme Court has granted certiorari on the total exhaustion question in *Jones v. Bock,* --- U.S. ----, 126 S.Ct. 1462, 164 L.Ed.2d 246 (U.S. Mar.6, 2006) and *Williams v. Overton,* --- U.S. ----, 126 S.Ct. 1463, 164 L.Ed.2d 246 (2006).

While the briefing schedule has been set in the Supreme Court, oral argument is not yet scheduled, and a decision may not be rendered in *Bock* and *Overton* for many months. The instant motions have already been pending for several months, and the Court must apply the law of the Sixth Circuit as it finds it. Plaintiff has not identified adequate reasons to delay decision in this case for additional months pending the uncertain outcome of a Supreme Court case. The Court agrees with the analysis of the majority of judges who have considered whether *Jones-Bey* was rendered in compliance with Sixth Circuit Rule 206(c), and finds that *Jones-Bey* is still good law. *See e.g., Boling, 2006 WL 581034* (E.D. Mich. 2006).

Critics of the total exhaustion requirement have focused on the perceived harshness of the rule in circumstances where a single unexhausted claim causes the dismissal of an entire case in which the prisoner has exhausted many claims against many Defendants or the parties and the court have spent substantial resources litigating the substantive claims. This concern is not particularly

relevant in this case, because Plaintiff has failed to exhaust a majority of his claims against a majority of the Defendants, and Defendants have not yet answered Plaintiff's complaint.

Accordingly, Defendant's Motion to Dismiss should be **GRANTED**.  Plaintiff's Motions should be **DENIED** as moot.

## NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically

address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: July 31, 2006                    s/ Mona K. Majzoub
                                        MONA K. MAJZOUB
                                        UNITED STATES MAGISTRATE JUDGE

## Proof of Service

I hereby certify that a copy of this Report and Recommendation was served upon Terry McClendon and Counsel of Record on this date.

Dated: August 01, 2006                  s/ Lisa C. Bartlett
                                        Courtroom Deputy